PAHANISH, PLAINTIFF-APPELLEE, *v.* EVERETT, DEFENDANT-APPELLANT.

Ohio Appeals, Seventh District, Columbiana County.

No. 811. Decided February 27, 1962.

Mr. *Lawrence W. Stacey* and Mr. *Jack W. Kuhlman*, for plaintiff-appellee.

Mr. *William E. Pfau* and Mr. *William E. Pfau, Jr.*, for defendant-appellant.

Donahue, J. This is an appeal from a verdict and judgment thereon, in the Common Pleas Court against the defendant-appellant.

Plaintiff-appellee was a guest in defendant's car, and both parties were out to enjoy the evening with dancing, music, and a bit of refreshment. Several trips were made during the course of the evening and defendant with plaintiff in the car had passed the scene of this accident several times. Weather conditions were good.

The accident occurred when defendant failed to negotiate a curve, apparently a rather mild curve, ran off the road and wrecked the car, injuring plaintiff.

Plaintiff testified that, as defendant pulled out of the parking lot about nine hundred feet from the scene of the accident, he had failed to stop before entering the highway, had spun his wheels and started out fast. Thereupon plaintiff objected to defendant's driving but defendant continued to accelerate in second gear until he had reached a speed of about forty-five miles per hour or better. The highest speed claimed was fifty-five to sixty. Plaintiff admitted that that speed was consistent with the speed in the earlier part of the evening, but claims it was now fast enough to cause him to want out of the car.

As they reached the curve plaintiff discovered that defendant was going to run off the road, and thereupon tried to climb over the seat into the back to better protect himself, meanwhile noticing the speedometer, the gear shift, plaintiff's grip on the wheel, the way he looked, etc.

Plaintiff claims that his protests together with defendant's conduct in driving, make out a case of willfulness, wantonness, or both, and thus takes him out of the guest statute.

The mere fact that a rider in the car objects to the manner in which the driver is driving in and of itself will not make out a case of willful or wanton misconduct. If that were true, every back seat driver would be outside the guest law. Such protests are only the outward evidence which may tend to support claim of actual misconduct. That misconduct must be proven to support the case.

Here, we have several acts of defendant which unquestionably amount to negligence. But mere negligence is neither willful nor wanton misconduct.

A careful review of the evidence shows no evidence which does amount to either willful or wanton misconduct. A motion for a directed verdict should have been granted.

Judgment is, therefore, reversed and cause remanded for further proceedings in accordance with this opinion.

BROWN, P. J., and GRIFFITH, J., concur.